**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------

**CONRAD WICKS,**

                    Petitioner,          05 Civ. 5341 (JGK)

        - against -              **MEMORANDUM OPINION**
                                                                   **AND ORDER**

**DAVID L. MILLER, SUPERINTENDENT,**
**EASTERN N.Y. CORRECTIONAL FACILITY,**

                    Respondent.
------------------------------------

**JOHN G. KOELTL, District Judge:**

    This is a petition for habeas corpus pursuant to 28 U.S.C. §§ 2254 and 2243 brought by New York State prisoner Conrad Wicks (the "petitioner"). After a jury trial, the petitioner was convicted of two counts of Criminal Possession of a Weapon in the Third Degree. One count related to possession of a defaced firearm in violation of New York Penal Law § 265.02(3), while the other related to possession of a loaded and operable firearm not in his home or place of business in violation of New York Penal Law § 265.02(4). The petitioner was sentenced as a persistent violent felony offender to concurrent, indeterminate prison terms of fifteen years to life for each count. The Appellate Division, First Department, subsequently modified the petitioner's sentence by reducing the sentence relating to the count of possessing a defaced firearm to three and one-half to seven years because that count is not classified as a violent

...
...

felony, but it otherwise affirmed the petitioner's conviction. People v. Wicks, 768 N.Y.S.2d 596 (App. Div. 2003). The petitioner's application for leave to appeal was denied. People v. Wicks, 808 N.E.2d 1293 (N.Y. 2004).

The petitioner, appearing pro se, argues that the Court, in its Opinion and Order of May 14, 2007 denying the petitioner's first habeas petition, failed to address two claims that entitle him to habeas relief.  See Wicks v. Miller, No. 05 Civ. 5341, 2007 WL 1434992 (S.D.N.Y. May 14, 2007).  First, the petitioner claims that the sentencing court violated Apprendi v. New Jersey, 530 U.S. 466 (2000), and Townsend v. Burke, 334 U.S. 736 (1948), by considering the robbery charges which were ultimately dismissed after the jury failed to reach a verdict on them (the "Apprendi/Townsend claim").  Second, the petitioner contends that the prosecution withheld potentially impeaching immigration records relating to the prosecution's eyewitness, Alpha Diaby, in violation of Brady v. Maryland, 373 U.S. 83, 87 (1963).

Because the petitioner is proceeding pro se, his petition is "read liberally and should be interpreted 'to raise the strongest arguments that [it] suggest[s].'"  Graham v. Henderson, 89 F.3d 75, 79 (2d Cir. 1996) (quoting Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994)); see also Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (per curiam) (holding that pro se allegations of habeas corpus petitioners are to be

liberally construed); <u>Williams v. Breslin</u>, 274 F. Supp. 2d 421, 425 (S.D.N.Y. 2003).

I

This Court has already recounted the relevant facts relating to the underlying offenses and the procedural history of this case, familiarity with which is assumed. <u>See</u> <u>Wicks v. Miller</u>, No. 05 Civ. 5341, 2007 WL 1434992 (S.D.N.Y. May 14, 2007). The Court will recount only those facts necessary to place the current arguments in context.

On September 8, 1999, the jury found the petitioner guilty of two counts of Criminal Possession of a Weapon in the Third Degree, but charges of two counts of Robbery in the First Degree, one count of Robbery in the Second Degree, and one count of Criminal Possession of a Weapon in the Second Degree were dismissed after the jury failed to reach a verdict. (Decl. of Alyson Gill, Ex. F at 9-11, March 17, 2006. ("Gill Decl.")) On September 30, 1999, the petitioner was adjudicated a mandatory persistent violent felony offender, and on October 5, 1999 he was sentenced to two concurrent sentences of fifteen years to life in prison. (Gill Decl. Ex. F at 11.) The petitioner filed a timely notice of appeal.

Following unsuccessful efforts to obtain records relating to Diaby, and after he had previously filed and withdrawn an application to vacate his conviction pursuant to New York

Criminal Procedure Law § 440.10, on August 27, 2002 the petitioner filed a new pro se motion pursuant to § 440.10 to vacate the judgment of conviction, arguing that the prosecutor withheld evidence relevant to impeaching Diaby in violation of Brady and People v. Rosario, 173 N.E.2d 881 (N.Y. 1961), and that his counsel provided ineffective assistance. (Gill Decl. Ex. A.) The Supreme Court, New York County, denied the petitioner's motion by order on November 25, 2002. (Gill Decl. Ex. C.) The court found that at the time of Diaby's testimony, he had no criminal record or pending immigration proceeding, and therefore there was no exculpatory or impeachment evidence that the prosecution was obliged to disclose to the defense. (Gill Decl. Ex. C at 9-10.) The court further found no support for an ineffective assistance of counsel claim based on a failure to challenge the fact that a complaining witness did not testify at trial because the robbery and second degree weapon possession charges were ultimately dismissed and because the argument could have been raised on direct appeal. (Gill Decl. Ex. C at 11.)

    The petitioner sought leave to appeal the denial of his § 440.10 motion to the Appellate Division, First Department. (Gill Decl. Ex. D at 4.) The Appellate Division granted leave to appeal, consolidating the appeal with the petitioner's direct appeal from his judgment of conviction. (Gill Decl. Exs. D-E.)

4

The Appellate Division unanimously modified the petitioner's sentence on the conviction for Criminal Possession of a Weapon in the Third Degree based on possession of a defaced weapon in violation of Penal Law § 265.02(3). People v. Wicks, 768 N.Y.S.2d 596 (App. Div. 2003). The court noted that "the record does not establish that defendant's sentence was based on any improper criteria and we perceive no basis for any other reduction of sentence." Id. at 596-97. The court also found the verdict was based on legally sufficient evidence, declined to dismiss the concurrent count based on possession of the same gun, and held that the petitioner received effective assistance of counsel. Id. The court "considered and rejected" all other claims raised in the petitioner's appeal, "including those contained in his pro se supplemental submissions." Id. at 597. Leave to appeal to the Court of Appeals was denied. People v. Wicks, 808 N.E.2d 1293 (N.Y. 2004).

On June 6, 2005, the petitioner filed his first habeas petition pursuant to 28 U.S.C. § 2254. The petitioner subsequently requested a stay of his petition so that he could exhaust a series of claims under Apprendi that he was pursuing by way of a Criminal Procedure Law § 440.20 motion in the New York State Supreme Court. This Court denied the request in view of the fact that the respondent did not oppose allowing the petitioner to amend his petition to add an Apprendi claim and

did not argue that such a claim was unexhausted. The petitioner then filed an amended petition including an Apprendi claim on January 25, 2006. The respondent conceded that all claims raised in the petition were exhausted in the state court.

The petitioner raised a number of claims in his first habeas action before this Court, only two of which are relevant to this proceeding. The petitioner argued first that his adjudication as a persistent violent felony offender violated Apprendi and, second, that the prosecutor committed violations of Brady by failing to disclose evidence relevant to the impeachment of the eyewitness, Alpha Diaby.

In its Opinion and Order of May 14, 2007, the Court denied the petitioner's first habeas petition. See Wicks v. Miller, 2007 WL 1434992. With respect to the petitioner's Apprendi claim, the Court held that "because the Apprendi Court explicitly omitted the fact of a prior conviction from the category of facts that must be determined by a jury . . . . [t]he state court's denial of the petitioner's challenge to his sentence under the persistent violent felony offender statute . . . was neither contrary to nor an unreasonable application of the rules set out in the Apprendi line of cases." Id. at *8. With respect to the petitioner's Brady claim, the Court held that "[t]he petitioner's Brady claim has no basis in fact because there is no evidence Diaby had a criminal record at the

6

time of the trial." Id. at *9.  In so holding, the Court cited the New York County Supreme Court's November 22, 2005 decision denying the petitioner's motions pursuant to Criminal Procedure Law §§ 440.10 and 160.50, which found that "at the time of trial, [Diaby] had no criminal record . . . . [nor was there] evidence of any immigration proceeding."  (Gill Decl. Ex. C at 9-10.)  The Court also declined to issue a certificate of appealability because the petitioner failed to make a substantial showing of a denial of a constitutional right. Wicks v. Miller, 2007 WL 1434992, at *9; see also 28 U.S.C. § 2253(c).

On June 13, 2007, the petitioner appealed the Court's Opinion and Order.  On November 7, 2007, The Court of Appeals for the Second Circuit denied the petitioner a certificate of appealability, dismissing the appeal on the grounds that the petitioner had not made a "substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c); see also Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).  The petitioner then filed this petition pursuant to 28 U.S.C. §§ 2254 and 2243.

II

By an order dated April 15, 2008, the Court asked the respondent to address the following issues in its response to the habeas petition now before the Court:  (1) Is this a second or successive petition that should be referred to the Court of

7

Appeals for the Second Circuit?  In particular, does the petitioner's contention that he raised these claims in his first petition for habeas relief indicate that this is not a second or successive petition?; (2) Does the petitioner's unsuccessful effort to obtain a certificate of appealability on these claims indicate that the current petition is barred?  On what basis?; and (3) Should the Court reach the merits, what is respondent's response to the two claims raised by the petitioner?.

A

With respect to the Court's first question, the respondent argues, and the petitioner agrees, that the petitioner's habeas petition should not be treated as a second or successive petition subject to the restrictions of the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA").  28 U.S.C. § 2244.  The parties disagree, however, on the respondent's contention that the petition should be treated instead as a motion to vacate pursuant to Federal Rule of Civil Procedure 60(b).  The petitioner argues that his petition should be treated as an amended habeas petition relating back to his initial habeas petition.  See Mayle v. Felix, 545 U.S. 644 (2005).  For the reasons set out below, the petition is properly treated as a Rule 60(b) motion rather than an amended habeas petition.

Rule 60(b) sets forth the grounds by which a court, in its discretion, can rescind or amend a final judgment or order. See Fed. R. Civ. P. 60(b); Nemaizer v. Baker, 793 F.2d 58, 61 (2d Cir. 1986). Rule 60(b) exists to strike a balance between "serving the ends of justice and preserving the finality of judgments." Nemaizer, 793 F.2d at 61. While Rule 60(b) should be read broadly to do "substantial justice," final judgments should not be reopened casually. Id.  Relief under Rule 60(b) should be granted "only upon a showing of exceptional circumstances." Id.; see also Graham Kandiah, L.L.C. v. JPMorgan Chase Bank, N.A., No. 08 Civ. 6956, 2009 WL 1704570, at *3 (S.D.N.Y. June 18, 2009). Rule 60(b) sets forth various grounds for relief. Because the petitioner is not asserting newly discovered evidence or other specific bases for relief, his motion is most appropriately classified as a motion under Rule 60(b)(6) for "any other reason that justifies relief." Pursuant to Rule 60(c), a Rule 60(b)(6) motion must be "made within a reasonable time."  Fed. R. Civ. P. 60(c); see also Grace v. Bank Leumi Trust Co. of N.Y., 443 F.3d 180, 190 n. 8 (2d Cir. 2006) ("To determine the timeliness of a motion brought pursuant to Rule 60(b)(6), we look at the particular circumstance of each case and balance the interest in finality with the reasons for delay." (internal quotation marks omitted)).

9

The AEDPA prevents a habeas petitioner from using Rule 60(b) to raise new claims in a subsequent habeas action.  See Gonzalez v. Crosby, 545 U.S. 524, 531-32 (2005).  However, a habeas petitioner may use Rule 60(b) to "attack[], not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings."  Id. at 532 (alteration added); see also Harris v. United States, 367 F.3d 74, 77 (2d Cir. 2004).  A suit brought to rectify a district court's failure to address a claim set forth in a habeas petition "present[s] a 'true' Rule 60(b) claim" rather than a second or successive motion.  Peach v. United States, 468 F.3d 1269, 1271 (10th Cir. 2006) (per curiam); see also Schwamborn v. United States, 507 F. Supp. 2d 229, 240 (E.D.N.Y. 2007) (holding that the petitioner's Rule 60(b) motion did not run afoul of the AEDPA "[t]o the extent that . . . [it] simply seeks reconsideration of the [Court's] Order on the ground that this Court failed to address [one of the petitioner's arguments])".

Here, the petitioner brings suit to rectify the Court's alleged failure to address his Apprendi/Townsend and Brady claims in its Opinion and Order of May 14, 2007.  Accordingly, the petition is properly treated as a Rule 60(b) motion.

By contrast, Mayle concerned a petitioner seeking to amend his original habeas petition pursuant to Federal Rule of Civil

10

Procedure 15(c)(2) after the AEDPA's one-year statute of limitations had run.  Mayle, 545 U.S. at 648-650. Because this case has nothing to do with the AEDPA's statute of limitations or Rule 15(c)(2), Mayle is inapposite.[1]

B

With respect to the Court's second question, the respondent provided no response, nor did the petitioner in his reply memorandum of law.  Neither party argues that the petitioner's habeas petition is barred by the Court of Appeals' denial of a certificate of appealability.  In any event, the answer to this question has no bearing on the outcome of this case.

C

With respect to the Court's third question, the respondent argues that the petitioner's motion should be denied pursuant to Rule 60 because it is untimely, see Grace, 443 F.3d at 190, and does not demonstrate that extraordinary circumstances exist which justify reopening the Court's Opinion and Order of May 14, 2007.  See Nemaizer, 793 F.2d at 61.  The respondent also contends that the Court implicitly denied the petitioner's Apprendi/Townsend and Brady claims in its Opinion and Order of May 14, 2007.

---

[1] The Court notes that, whether considered as alleged grounds for a Rule 60(b) motion, as the respondent advocates, or as an amended petition, as the petitioner seeks, the grounds asserted by the petitioner to vacate his conviction have no merit for the reasons explained below.

Even without considering the issues of timeliness and extraordinary circumstances under Rule 60, the petitioner's claims are no basis for relief from his conviction.

With respect to the petitioner's Apprendi/Townsend claim, the sentencing court said that it did not consider the petitioner's case to be a "straight possession case." (Gill Decl. Ex. F at 12; Gill Decl. Ex. G at 16.) This followed arguments by defense counsel that the defendant was not convicted of a more serious felony, and arguments by the defendant that he had not committed any of the offenses for which he was charged. (Gill Decl. Ex. G at 28.) Nothing in Apprendi prevented the trial court from considering the factual circumstances of the robbery, even though the jury was unable to reach a verdict on the robbery counts. Apprendi holds that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Apprendi, 530 U.S. at 490. Apprendi does not prevent a sentencing court from considering evidence of other crimes introduced at trial, even though the defendant was not convicted of those crimes, so long as the sentence imposed is within the statutory maximum for the offense of which the defendant was convicted by the jury. See, e.g., Apprendi, 530 U.S. at 481 (noting that nothing in history of sentencing

12

jurisprudence "suggests that it is impermissible for judges to exercise discretion – taking into consideration various factors relating both to offense and offender – in imposing a judgment *within the range* prescribed by the statute."); United States v. Garcia, 240 F.3d 180, 183 (2d Cir. 2001) ("We see nothing in the Court's holding in Apprendi or its explication of the holding that alters a sentencing judge's traditional authority to determine those facts relevant to selection of an appropriate sentence within the statutory maximum . . . ."); see also United States v. Watts, 519 U.S. 148, 157 (1997) (per curiam) ("[A] jury's verdict of acquittal does not prevent the sentencing court from considering conduct underlying the acquitted charge, so long as the conduct has been proved by a preponderance of the evidence."); United States v. Santiago, 413 F. Supp. 2d 307, 316-322 (S.D.N.Y. 2006) (sentencing judge was permitted to consider defendant's conduct relating to charges for which jury did not return verdict).

The sentencing court's decision also raises no Townsend issue. In Townsend, the defendant "was sentenced on the basis of assumptions concerning his criminal record which were materially untrue." Townsend, 334 U.S. at 741. There is no evidence that any elements of the defendant's extensive criminal history in this case were untrue. The Supreme Court held that "[s]uch a result, whether caused by carelessness or design, is

inconsistent with due process of law, and such a conviction cannot stand." Id. at 741. In this case, by contrast, there is no evidence that the sentencing court relied on anything other than an accurate account of the petitioner's criminal history, thereby avoiding a Townsend problem. (Gill Decl. Ex. F at 12; Gill Decl. Ex. G at 28-29.) Accordingly, for all of the foregoing reasons, there is no basis to find that the state court's rejection of the petitioner's challenge to his sentence was contrary to or an unreasonable application of clearly established Federal law. See 28 U.S.C. § 2254(a)(1).

With respect to the petitioner's Brady claim, this claim was rejected by the state court. Justice Kahn found that Diaby had no criminal or immigration records at the time of trial, and therefore the respondent could not have violated Brady by failing to turn over potentially impeaching evidence. (Gill Decl. Ex. C at 9-10.) There is no basis to find that the state court's decision was contrary to or an unreasonable application of clearly established Federal law. See 28 U.S.C. § 2254(d)(1); Wicks v. Miller, 2007 W.L. 1434992, at *9. Accordingly, the petitioner's Brady claim is without merit.[2]

---

[2] The petitioner also invokes 28 U.S.C. § 2243; however, neither party raises any arguments with respect to section 2243. Section 2243 provides, in pertinent part, that "[t]he court shall summarily hear and determine the facts, and dispose of the matter as law and justice require." This provision grants courts broad discretion in crafting habeas relief. See Grady v. Artuz, 931 F. Supp. 1048, 1073-74 (S.D.N.Y. 1996). Here, for all of the reasons stated above, there is no basis for habeas relief. Accordingly,

14

CONCLUSION

For the reasons explained above, the petition for habeas corpus pursuant to 28 U.S.C. §§ 2254 and 2243 is **denied**. The Court has treated the petition as a motion for relief from the prior judgment dismissing the original petition for habeas corpus, but the result would be no different if the current petition is treated as an amended petition for habeas corpus. The Court declines to issue a certificate of appealability because the petitioner has failed to make a substantial showing of a denial of a constitutional right. See 28 U.S.C. § 2253(c). The Clerk of the Court is directed to enter judgment dismissing the petition and closing this case.

**SO ORDERED.**

Dated:   New York, New York
         November 30, 2009

                                          _____
                                          John G. Koeltl
                                          United States District Judge

---

there is no basis for the Court to exercise its discretion in crafting habeas relief pursuant to section 2243.