```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/17/10
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CONRAD WICKS,

                Petitioner,        05 Civ. 5341 (JGK)

    - against -                    MEMORANDUM OPINION
                                                AND ORDER

DAVID L. MILLER, SUPERINTENDENT,
EASTERN N.Y. CORRECTIONAL FACILITY,

                Respondent.

---

JOHN G. KOELTL, District Judge:

      The pro se petitioner moves for an extension of time to file a notice of appeal pursuant to Rule 4(a)(5) of the Federal Rules of Appellate Procedure. The petitioner is a state court prisoner who unsuccessfully challenged his state court conviction pursuant to 28 U.S.C. §§ 2254 and 2243. Pursuant to Rule 4(a)(5)(A), the Court may extend the time to file a notice of appeal when two conditions are met. First, the motion seeking an extension must be made no later than 30 days after the expiration of the time originally prescribed by Rule 4(a) (in this case, 30 days after the Judgment was entered). Fed. R. App. P. 4(a)(5)(A)(i); <u>Cohen v. Empire Blue Cross & Blue Shield</u>, 142 F.3d 116, 118 (2d Cir. 1998) (per curiam) ("The district court . . . lacks jurisdiction to grant any extension motion that is not filed within Rule 4(a)(5)'s 30-day 'grace period.'"). Second, the party seeking the extension must show "excusable neglect or good cause." Fed. R. App. P.

1

4(a)(5)(A)(ii).  In any event, no extension under Rule 4(a)(5) may exceed 30 days after the expiration of the time originally prescribed by Rule 4(a), or 14 days after the date when the order granting the motion is entered, whichever is later.  Fed. R. App. P. 4(a)(5)(C).

In this case, Judgment was entered denying the petitioner's habeas corpus petition on December 3, 2009.  The Court declined to issue a certificate of appealability because the petitioner had failed to make a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c).  The time to file a notice of appeal, which the Court of Appeals would have treated as a request for a certificate of appealability pursuant to Federal Rule of Appellate Procedure 22(b)(2), expired thirty days later on January 2, 2010.  The time to file a motion seeking an extension of time expired thirty days thereafter on February 1, 2010.  The petitioner filed a petition for a writ of certiorari with the Supreme Court, which was dated February 18, 2010 and received by the Supreme Court on February 23, 2010.  The Supreme Court returned the papers to the petitioner because he had not yet appealed to the Court of Appeals for the Second Circuit.  The petitioner then filed this motion for an extension of time to file a notice of appeal, which was dated February 29, 2010 and received by the Court on March 5, 2010.

Because "[t]he situation of prisoners seeking to appeal without the aid of counsel is unique," the Supreme Court has held that an incarcerated petitioner's notice of appeal is "filed" when it is delivered to prison authorities for forwarding to the court. Houston v. Lack, 487 U.S. 266, 270, 276 (1988). It is unclear that a petition for a writ of certiorari would serve as a notice of appeal or as a motion for an extension of time to file a notice of appeal or toll the time to file a notice of appeal and the petitioner does not argue that it does. In any event, assuming the petitioner delivered his documents to prison authorities for mailing on the days the documents were dated, both the petitioner's petition for a writ of certiorari and his motion for an extension of time were "filed" after February 1, 2010.

Because the petitioner did not seek an extension of time to file a notice of appeal or a request for a certificate of appealability within 30 days after the deadline to file a notice of appeal (in other words, within 60 days after the entry of Judgment, or February 1, 2010), the Court lacks jurisdiction to grant the petitioner an extension. Therefore, the petitioner's motion is **denied**.

SO ORDERED.

Dated:   New York, New York
         March 16, 2010

                                          /s/ John G. Koeltl
                                          John G. Koeltl
                                          United States District Judge

3